UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMETRIUS L. HARVEY, | ) | 1:08cv1399 OWW DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF DEFENDANT EGAN ON |
| v. | ) ) | 42 U.S.C. SECTION 1983 CLAIM |
| CITY OF FRESNO, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Demetrius L. Harvey ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant civil rights complaint on September 19, 2008. His complaint arises out of a January 2007 arrest and subsequent acquittal. He names the City of Fresno, the County of Fresno, Fresno Police Chief Jerry Dyer, District Attorney Elizabeth Egan, Fresno Police Officers Jesus Cerda, Brent Willey, Brendan Rhames, and Fresno Detectives Robert Gonzales and B. Valles as Defendants.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

1

from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff, a 23 year-old African-American male, alleges that on January 7, 2007, he went over to a friend's apartment to help him move.

Around 8:00 p.m., Defendant Willey and Officer Yeager received a dispatch of an alleged attack and robbery of Matt Billet, a Comcast Cable employee who was attacked while working on a friend's cable box. Billet called 911 and told the dispatcher that "D-Boy" was wearing an orange t-shirt after asking someone in the background what "D-Boy" was wearing. Defendant Willey interviewed Billet and noted that he had a "slight" amount of redness on his right cheek that went away. According to the report, Defendant Willey did not photograph Billet because he was unable to see any injuries. Billet refused all emergency medical services. Defendant Willey and Officer Yeager went to the crime scene and did not find any physical evidence.

At approximately 9:00 p.m., officers came to Rooter's apartment. Plaintiff went outside and gave his name and was eventually placed under arrest by order of Defendant Cerda. He was handcuffed and searched by Defendant Willey and placed in the patrol car. When Plaintiff arrived at the police station, he was interrogated by Defendants Gonzales and Valles. Plaintiff waived his rights and denied committing a robbery. Billet told Defendant Willey that he had a conflict with Plaintiff several weeks before the robbery, but Plaintiff told both officers that he was not involved "in any type of physical disturbance with a white male." Complaint, at 5. Plaintiff also requested to take a polygraph test, but the request was denied. He told the officers that he would go to jail and then go to trial to prove his innocence.

On January 9, 2007, Defendant County of Fresno filed a Felony Complaint against Plaintiff and four other individuals who were in the apartment on January 7, 2007, including Rooter. Plaintiff was charged with (1) robbery; (2) possession of a controlled substance while armed with a firearm; and (3) possession of marijuana for sale. Plaintiff entered a not guilty plea at his arraignment.

On March 13, 2007, Plaintiff appeared at the preliminary hearing. Billet testified and changed his story, explaining that he and a friend went to a friend's house to buy marijuana. He did not mention working for Comcast or working on his friend's cable box. Prosecutor Esmeralda Garcia was present at the hearing and heard the inconsistent testimony. Defendants Willey and Cerda also testified. Plaintiff was held to answer to the robbery charge, while the drug charges were dropped. Plaintiff rejected an offer of the mid-term on the robbery charge.

During the five day trial, Defendants Willey, Cerda, Rhames and Gonzales testified. Plaintiff testified on his own behalf, having rejected another plea offer the day prior to trial. On July 6, 2007, a jury found Plaintiff not guilty on all charges (second degree robbery, grand theft person and petty theft).

Plaintiff was incarcerated from January 7, 2007, to July 6, 2007. During this time, he alleges that he endured humiliation, suffered emotional distress, lost his job, and was separated from his pregnant girlfriend who eventually miscarried before her delivery date.

Plaintiff alleges causes of action against all Defendants for violation of his Fourth and Fourteenth Amendment rights, and state law causes of action for false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, and violation of California Civil Code section 52.1. He also alleges a cause of action for "Vicarious Liability" against Defendants City of Fresno and County of Fresno pursuant to California Government Code section 815.2. Plaintiff states that he has filed administrative claims with the City and County Defendants as required under California law.

He seeks monetary damages as well as a public apology.

C.     Defendant Egan

Plaintiff sues Defendant Egan in her capacity as the District Attorney of Fresno County. Although she did not personally prosecute Plaintiff, he alleges that she was responsible for the operations of the District Attorney's Office. He further alleges that all Defendants knew or should have known that their actions violated Plaintiff's constitutional rights. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (supervisor may be held liable under section 1983 where he participated in the violations or knew of the violations and failed to act to prevent them).

However, Defendant Egan is entitled to absolute immunity. Prosecutors are absolutely immune from civil suits for damages under section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir.1986). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D.Cal.1984).

Based on the allegations in Plaintiff's complaint, Defendant Egan is entitled to absolute immunity. Plaintiff does not make any specific allegations that Defendant Egan was involved in any capacity other than her prosecutorial role. Therefore, Defendant Egan is not a proper defendant for the section 1983 cause of action.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Defendant Egan be DISMISSED from the section 1983 cause of action. The Court further RECOMMENDS that the action go forward as to the remaining causes of action and remaining defendants.[1]

---

[1] Plaintiff will be instructed on service after the Findings and Recommendation are adopted.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 4, 2008**               /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE