UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO, *et al.,*<br><br>                    Defendants. | 1:08-CV-01399-OWW-DLB<br><br>**MEMORANDUM DECISION AND ORDER RE: CITY OF FRESNO AND COUNTY OF FRESNO'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Docs. 33, 34.)** |

## I.   <u>INTRODUCTION</u>

Before the court are two motions to dismiss or, in the alternative, for a more definite statement.  One motion is brought by Defendants City of Fresno, the Fresno Police Department, Chief Jerry Dyer, Officers Robert Gonzales, Jesus Cerda, Brent Willey, and Detectives Brian Valles and Brendan Rhames (the "City defendants").  The other motion is brought by Defendant County of Fresno (the "County defendant").[1]

Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1983 and related claims on grounds that the claims fail to allege necessary elements.  Plaintiff, appearing pro se, contends that his first amended complaint satisfies requirements to plead necessary elements of his claims.

---

[1] Fresno County limits its challenge to the sufficiency of the complaint under Federal Rule 12(b)(6).  (<u>See</u> Doc. 33, "Fresno County's Motion to Dismiss.")

1

## II.   **FACTUAL BACKGROUND**.

The following facts are derived from Plaintiff's first amended complaint, ("FAC"), filed on June 3, 2009.  (Doc. 31.)

Plaintiff, a 23 year-old African-American male, alleges that on January 7, 2007, he went over to a friend's apartment to help him move.  (FAC ¶ 4, 22.)  Around 8:00 p.m., Defendant Willey and Officer Yeager received a dispatch of an alleged attack and robbery of Matt Billet, a Comcast Cable employee who was attacked while working on a friend's cable box.  (FAC ¶ 23.)  Billet called 911 and told the dispatcher that "D-Boy" was wearing an orange t-shirt after asking someone in the background what "D-Boy" was wearing. (FAC ¶ 23.)  Defendant Willey interviewed Billet and noted that he had a "slight" amount of redness on his right cheek that went away. According to the report, Defendant Willey did not photograph Billet because hewas unable to see any injuries.  (FAC ¶ 24.)  Billet refused all emergency medical services.  (FAC ¶ 24.)  Defendant Willey and Officer Yeager went to the crime scene and did not find any physical evidence.  (FAC ¶ 25.)

At approximately 9:00 p.m., officers came to Rooter's apartment.  (FAC ¶ 26.)  Plaintiff went outside and gave his name and was eventually placed under arrest by order of Defendant Cerda. (FAC ¶ 27.)  He was handcuffed and searched by Defendant Willey and placed in the patrol car.  (FAC ¶ 27.)  When Plaintiff arrived at the police station, he was interrogated by Defendants Gonzales and Valles.  (FAC ¶ 27.)  Plaintiff waived his rights and denied committing a robbery. (FAC ¶ 28.)  Billet told Defendant Willey that he had a conflict with Plaintiff several weeks before the

**2**

robbery, but Plaintiff told both officers that he was not involved "in any type of physical disturbance with a white male." (FAC ¶ 29.) Plaintiff also requested to take a polygraph test, but the request was denied. (FAC ¶ 30.) He told the officers that he would go to jail and then go to trial to prove his innocence. (FAC ¶ 28.)

On January 9, 2007, Defendant County of Fresno filed a Felony Complaint against Plaintiff and four other individuals who were in the apartment on January 7, 2007, including Rooter. (FAC ¶ 32.) Plaintiff was charged with (1) robbery; (2) possession of a controlled substance while armed with a firearm; and (3) possession of marijuana for sale. (FAC ¶ 32.) Plaintiff entered a not guilty plea at his arraignment. (FAC ¶ 34.) On March 13, 2007, Plaintiff appeared at the preliminary hearing. (FAC ¶ 35.) Billet testified and changed his story, explaining that he and a friend went to a friend's house to buy marijuana. (FAC ¶ 35.) He did not mention working for Comcast or working on his friend's cable box. (FAC ¶ 35.) Prosecutor Esmeralda Garcia was present at the hearing and heard the inconsistent testimony. (FAC ¶ 36.) Defendants Willey and Cerda also testified. (FAC ¶ 37.) Plaintiff was held to answer to the robbery charge, while the drug charges were dropped. (FAC ¶ 38.)

During the five day trial, Defendants Willey, Cerda, Rhames and Gonzales testified. (FAC ¶ 41.) Plaintiff testified on his own behalf, having rejected another plea offer the day prior to trial. (FAC ¶ 42.) On July 6, 2007, a jury found Plaintiff not guilty on all charges (second degree robbery, grand theft person and petty theft). (FAC ¶ 43.)

**3**

Plaintiff was incarcerated from January 7, 2007, to July 6, 2007. (FAC ¶ 20.) During this time, he alleges that he endured humiliation, suffered emotional distress, lost his job, and was separated from his pregnant girlfriend who eventually miscarried before her delivery date. (FAC ¶ 21.)

Plaintiff alleges he was wrongfully accused, wrongfully arrested, and wrongfully held in custody against his will for six months. All five Officers are alleged to have falsely detained, arrested, and imprisoned Plaintiff, and held him against his will without probable cause. Plaintiff also alleges that the Officers were motivated by racial prejudice because the victim is Caucasian, while the Plaintiff is African American.

Chief of Police, Jerry Dyer, and the City of Fresno are sued because they allegedly did not effectively train, supervise, and supervise City police officers with regard to the proper constitutional and statutory limits of the existence of their authority. Plaintiff also accuses them of initiating and promoting a meritless and malicious prosecution, which deprived Plaintiff of his constitutional rights.

The County of Fresno is sued because "Plaintiff hopes by bringing this lawsuit ... the County of Fresno will review their patterns and practices, and customs pertaining to false arrests and imprisonments, wrongful detentions and malicious prosecutions in a way that this tragedy will not be repeated by violating constitutional and civil rights of individuals." (FAC 13.) Plaintiff also alleges that the District Attorney's office, specifically Deputy District Attorney Esmeralda Garcia, knew or should have know that the alleged victim, Billet, was not telling

**4**

the truth.   (FAC 36.)

### III.   **PROCEDURAL BACKGROUND.**

The original complaint was filed on September 19, 2008.  (Doc. 1, Original Complaint.)  Fresno County moved to dismiss Plaintiff's Original Complaint on March 17, 2009.  (Doc. 17.)  City Defendants moved to dismiss the complaint on April 3, 2009.  (Doc. 19.)

The hearing on Defendants' motions to dismiss, originally set for May 18, 2009, was continued to June 15, 2009 due to the press of court business.  (Doc. 30.)

On June 6, 2009, Plaintiff filed his First Amended Complaint. The First Amended Complaint alleges nine claims for relief:

1. First Claim for Relief (All Defendants) - Denial of Constitutional Right Against Unreasonable Search and Seizure in violation of the Fourth and Fourteenth Amendments pursuant to 28 U.S.C. § 1983;

2. Second Claim for Relief (All Defendants) - False Arrest and Imprisonment;

3. Third Claim for Relief (all Defendants) - Malicious Prosecution;

4. Fourth Claim for Relief (all Defendants) - Intentional Infliction of Emotional Distress;

5. Fifth Claim for Relief (Officer Defendants) - Violation of California Civil Code § 52.1;

6. Sixth Claim for Relief (All Defendants) - Vicarious Liability;

7. Seventh Claim for Relief (City Defendants) - Negligent Hiring, Retention, Training, Supervision, and Discipline.

8.    Eighth Claim for Relief (Officer Defendants) - Violation of California Civil Code § 52.7; and

9. Ninth Claim for Relief (Officer Defendants) - Negligence.

The FAC prays for injunctive relief enjoining City Defendants from authorizing, allowing, or ratifying the use of excessive force by its police officers; for a "public apology" from all Defendants; and for attorney's fees as provided by law.

County and City Defendants separately moved to dismiss Plaintiff's FAC on June 17, 2009. (Docs. 33, 34.) City Defendants contend that the above causes of action fail to allege necessary elements or facts for Defendants' liability and that Chief Dyer, Officers Cerda, Willey, and Brendan Rhames, and Detectives Gonzales and Valles are redundantly named in their official capacities. Alternatively, defendants seek a more definite statement in that the allegations are vague and ambiguous.

Fresno County argues that the claims arising out of the conduct of the DA's office should be dismissed as a matter of law as a County is not a proper defendant in a prosecutorial misconduct case.   The County also moves to remove DA Elizabeth Egan from the case because she was found to be "absolutely immune" pursuant to an Order filed on December 5, 2008.

Plaintiff opposed the motions on August 27 and August 31, 2009. (Docs. 36, 38.) Plaintiff claims that his FAC is sufficient to put "these officers on notice" and that the motions should be denied because "discovery process has not been done." (Doc. 36, 4:1-4:4.)

**6**

### III.   <u>LEGAL STANDARD</u>

A. <u>12(b)(6)</u>

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted."  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."   *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

**7**

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950.  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows:  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 2009 WL 2052985, at *6 (9th Cir. July 16, 2009) (internal quotation marks omitted).

## IV.   DISCUSSION

### A. City Defendants

#### 1. 42 U.S.C. § 1983

Defendants City of Fresno, the Fresno Police Department, Chief Jerry Dyer, Officers Robert Gonzales, Jesus Cerda, Brent Willey, and Detectives Brian Valles and Brendan Rhames seek F.R.Civ.P. 12(b)(6) dismissal of plaintiffs' 42 U.S.C. § 1983 ("Section 1983") on grounds that the claims fail to allege necessary elements.

**8**

1

2                    a. *Official Capacity Suit*

3       In a § 1983 case, an "official-capacity suit is, in all

4   respects other than name, to be treated as a suit against the

5   entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "There is

6   no longer a need to bring official-capacity actions against local

7   government officials, for under Monell, ..., local government units

8   can be sued directly for damages and injunctive or declaratory

9   relief." *Graham*, 473 U.S. at 167 n.14.  Given that an official

10  capacity claim is treated as a claim against the local governmental

11  entity, when a plaintiff sues an officer of a local governmental

12  entity in his official capacity and also sues the local entity

13  itself, the official capacity claim is redundant of the claim

14  against the entity and the official capacity claim can be

15  dismissed.  *See Center For Bio-Ethical Reform, Inc. v. L.A. County

16  Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008); *Megargee v.

17  Wittman*, 550 F. Supp. 2d 1190, 1206 (E.D.Cal. 2008); *Luke v.

18  Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997).

19       Plaintiff has sued Chief Dyer, Officers Robert Gonzales,

20  Jesus Cerda, and Brent Willey, and Detectives Brian Valles and

21  Brendan Rhames in their official capacity and the City itself.  The

22  official capacity claims against Dyer and Officers Gonzales, Cerda,

23  Willey, Valles, and Rhames are redundant of the claims against the

24  City; therefore, the motion is GRANTED on the claims against Dyer,

25  Gonzales, Cerda, Willey, Valles, and Rhames in their official

26  capacities.

27       Plaintiff's § 1983 claims against Chief Dyer, Officers Robert

28  Gonzales, Jesus Cerda, and Brent Willey, and Detectives Brian

**9**

Valles and Brendan Rhames in their official capacities is DISMISSED from the suit WITH PREJUDICE, it is redundant and spurious.

### b. *Municipal Departments Not Proper Defendants*

Plaintiff brings suit not only against the City of Fresno but also its municipal department, the City of Fresno Police Department.  Municipal departments, here the City of Fresno Police Department, are not appropriate Defendants.  Under Section 1983, a "person" acting under color of law may be sued for violations of the U.S. Constitution or federal laws.  The term "persons" under § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities.  *Vance v. County of Santa Clara,* 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). But "persons" do not include municipal departments.  *Id*.  "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991).  The City of Fresno is the proper defendant in a § 1983 suit, not the City of Fresno Police Department, which is DISMISSED WITHOUT LEAVE TO AMEND.

### c.  *Monell Liability*

Plaintiff brings a § 1983 constitutional violation claim against the City of Fresno under the Fourth and Fourteenth Amendments.  Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.  *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 n.55 (1978)) "[O]ur holding ...

**10**

1  that local governments can be sued under § 1983 necessarily decides
2  that local government officials sued in their official capacities
3  are 'persons' under § 1983 in those cases in which, as here, a
4  local government would be suable in its own name". *Monell*, 436
5  U.S. at 691 n.55.  "Local governing bodies, therefore, can be sued
6  directly under § 1983 for monetary, declaratory, or injunctive
7  relief where, as here, the action that is alleged to be
8  unconstitutional, implements or executes a policy statement,
9  ordinance, regulation, or decision officially adopted and
10 promulgated by that body's officers ... [or for] deprivations
11 visited pursuant to governmental 'custom' even though such a custom
12 has not received formal approval through the body's official
13 decision making channels."  *Id*. at 690-91.

14      Although a local government can be held liable for its
15 official policies or customs, it will not be held liable for an
16 employee's actions outside of the scope of these policies or
17 customs.  "[T]he language of § 1983, read against the background of
18 the same legislative history, compels the conclusion that Congress
19 did not intend municipalities to be held liable unless action
20 pursuant to official municipal policy of some nature caused a
21 constitutional tort.  In particular, ... a municipality cannot be
22 held liable solely because it employs a tortfeasor.  A municipality
23 cannot be held liable under § 1983 on a respondeat superior
24 theory."  *Id*. at 691.  The statute's "language plainly imposes
25 liability on a government that, under color of some official
26 policy, 'causes' an employee to violate another's constitutional
27 rights."  *Id*. at 692.

28      To prevail on a § 1983 claim against a local government under

Monell, a plaintiff must satisfy a three-part test: (1) The official(s) must have violated the plaintiff's constitutional rights; (2) The violation must be a part of policy or custom and may not be an isolated incident; and (3) A nexus must link the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92. There are three ways to show a policy or custom of a municipality:

> (1) By showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
>
> (2) By showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or
>
> (3) By showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id*. Municipalities can be held liable "if its deliberate policy caused the constitutional violation alleged." *Blackenhorn*, 485 F.3d at 484.

Prior to *Iqbal*, "a claim of municipal liability under section 1983 [was] sufficient to withstand a motion to dismiss even if the claim [was] based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). However, *Iqbal* has made clear that conclusory, "threadbare" allegations that merely recite the elements of a cause of action

**12**

1  will not withstand a motion to dismiss. *See Iqbal*, 129 S.Ct. at

2  1949-50.   Even under a *Whitaker* standard, Plaintiff's FAC is

3  insufficient.   Plaintiff's FAC fails to even cite a custom or

4  policy of the City or any other indicia of *Monell* liability, other

5  than a conclusory incantation that the City "knew" of an illegal

6  policy.

7      Plaintiff has not sufficiently alleged that, in depriving him

8  of his constitutional rights, a City employee was acting pursuant

9  to an official policy, custom or practice of the City of Fresno.

10  There is a brief reference to an "illegal policy," but no

11  explanation as to what comprises the "illegal policy, pattern,

12  practice, custom" referred to in the FAC:

13          Despite Defendant CITY'S knowledge of this illegal
            policy, pattern, practice and custom, in that their
14          supervisory and policy-making officers need to take
            effective steps to terminate such policies, patterns,
15          practices, and customs; to effectively disciplined or
            otherwise properly supervised the individual officers
16          who engage in the policy, pattern, practice and
            custom.

17

18  (FAC, ¶ 45.)

19

20      As best understood, paragraph 45 of the FAC refers to the

21  City's "knowledge" of an illegal "policy, pattern, practice,

22  custom" concerning the District Attorney's decision to file

23  criminal charges against him.  Plaintiff's factual description ends

24  there.   If Plaintiff seeks to allege a claim against the City,

25  Plaintiff must identify what "policy" or "custom" he is challenging

26  and how that policy or custom deprived him of his constitutional

27

28

**13**

1  rights.[2]   *See Galen v. County of Los Angeles*, 477 F.3d 652, 667

2  (9th Cir. 2007) ("Generally, a municipality is liable under Monell

3  only if a municipal policy or custom was the 'moving force' behind

4  the constitutional violation."). At this time, it is unclear what

5  "policy, pattern, practice, custom" Plaintiff refers to and how the

6  City's purported "knowledge" of these policies deprived him of his

7  constitutional rights.

8      The FAC also alleges that Plaintiff was held "against his will

9  without probable cause and without lawful process, and continued to

10  incarcerate Plaintiff without probable cause and without lawful

11  process." To the extent Plaintiff relies on these allegations to

12  support his *Monell* claim, he concedes that during his March 13,

13  2007 preliminary hearing, a Fresno Superior Court Judge found

14  probable cause to exist as to hold him for trial on burglary

15  charges against him. A specific finding of probable cause appears

16  to run contrary to Plaintiff's assertions that he was held "without

17  probable cause." It is unclear how a specific probable cause

18  finding by a neutral magistrate supports Plaintiff's Monell claims

19  against the City and, in fact, the finding appears to bar his claim

20  under the fourth amendment.[3]

21

22      [2] There must be "a direct causal link between a municipal
    policy or custom and the alleged constitutional deprivation."
23  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Furthermore,
    it is not enough to "merely [to] alleg[e] that the existing ...
24  program ... represents a policy for which the city is
    responsible." Id. at 389.
25

26      [3] It appears from the record that there was a probable cause
    hearing that determined Plaintiff's arrest was supported by
27  probable clause. Plaintiff's Fourth Amendment claim would then
    be barred by collateral estoppel. Allen v. McCurry, 449 U.S. 90,
28  95-96 (1980); see also Barry v. Fowler, 902 F.2d 770, 772-73 (9th

**14**

The allegations in the FAC do not identify the challenged policy/custom, explain how the policy/custom is deficient, explain how the policy/custom caused the plaintiff harm.  City Defendants' motion to dismiss is GRANTED.  Plaintiff has already amended his complaint once.  Leave to amend is GRANTED for one final opportunity.  No further leave will be given.

d.  *Chief Dyer, Officers Gonzales, Cerda, and Willey, and Detectives Valles and Rhames*

Plaintiff sues Defendants Chief Dyer, Officers Gonzales, Cerda, and Willey, and Detectives Valles and Rhames in their individual capacities for liability under § 1983.  To establish liability under § 1983, Plaintiff must allege that the individual defendants deprived plaintiff of a right secured by the United States Constitution or a federal law.

"Section 1983 provides for liability against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983).  "The rights guaranteed by section 1983 are 'liberally and beneficently construed.'"  *Id.*

_____

Cir. 1990) (warrantless misdemeanor arrest supported by probable cause satisfies requirements of Fourth Amendment). Similarly, Plaintiff's third cause of action for malicious prosecution arising out of the January 7 arrest would be barred because plaintiff cannot rejudicate an essential element of that tort, i.e., lack of probable cause. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989) (probable cause element of tort of malicious prosecution)

(quoting *Dennis v. Higgins*, 498 U.S. 439, 443 (1991)).  Pursuant to § 1983, plaintiffs may bring a civil action for deprivation of rights under the following circumstances:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To establish liability under § 1983, a plaintiff must show (1) that he was deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

The City defendants argue that Plaintiff fails to allege sufficient facts to support a claim that City defendants personally participated in the alleged deprivation of a federal constitutional right.  In opposition, Plaintiff cites that his allegations are sufficient to state a claim and that "discovery process has not been done to know each individual participation in this case ... [o]nce discovery begins, plaintiff can amend his complaint." (Doc. 36, 4:15-4:19.)

Plaintiff has alleged one claim under § 1983.  The claim incorporates all of the previous "factual" allegations, and alleges

that "[t]he defendants deprived the Plaintiff of his right to be free from unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution."  Plaintiff then simply recites a list of his injuries such as "c. Severe emotional distress, d. Public degradation, e. Loss of income."  Plaintiff also repeats, word for word, certain paragraphs.  (See Doc 1., ¶50(c) and ¶50(d).)  The FAC does not identify which defendants are named in the § 1983 claim or what constitutional deprivations (i.e., "facts") support his claims.

Where plaintiff has identified a federal constitutional right, such as the Fourth and Fourteenth Amendments, plaintiff must allege who violated those rights, and how.  For example, under the § 1983 claim, the complaint alleges "defendants deprived of his right to be free from unreasonable searches and seizures" and "defendants deprived Plaintiff of his right to be free from prosecution."  Plaintiff must, without providing elaborate detail, allege *who* denied him of these rights, and *how*.

*Iqbal* has made clear that conclusory, "threadbare" allegations that merely recite the elements of a cause of action will not withstand a motion to dismiss.  *See Iqbal*, 129 S.Ct. at 1949-50. If Plaintiff seeks to pursue this action, he must amend the § 1983 claim to identify the Defendants who violated his constitutional rights and how those rights were allegedly violated.  No further leave will be given after this opportunity to amend.

Finally, to the extent Plaintiff seeks to hold Chief Dyer liable for acts of his officers/detectives, Plaintiff is cautioned that "[a] supervisor is only liable for constitutional violations

**17**

of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.   There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   Plaintiff is cautioned that a failure to research applicable law and facts may result in sanctions.

City Defendants motion to dismiss is GRANTED WITH LEAVE TO AMEND.[4]

### 2. State Law Claims

#### a. *California Tort Claims Act*

City Defendants argue that Plaintiff's state law claims are barred by his failure to comply with the presentment requirements of the California Tort Claims Act.   In particular, the City argues that Plaintiff failed to file this lawsuit within six months after the notice of the rejection of the claims, as required by Section 946.6 of the California Government Code.   The California Tort Claims Act provides, in pertinent part, that "no suit for money or damages may be brought against a public entity on a cause of action [against a public entity or employee] until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board ...."   Cal. Gov't Code § 945.4.   If a claim is rejected, the public entity must provide written notice, and if such notice is

---

[4] In light of the numerous Defendants in this case and the nature of the arrest/detention alleged, it is possible that the first cause of action was so vague that fair notice of the claims against the defendants is not provided.

provided in accordance with the statute, a plaintiff wishing to file a lawsuit must do so "not later than six months after the date such notice is personally delivered or deposited in the mail." *Id*. § 945.6(a)(1).

Here, it is uncontested that Plaintiff's claims against the City of Fresno and the County of Fresno were denied, and that the notices of rejection were mailed to 360 South Helm Avenue, Fresno, California (the address provided in Plaintiff's government claims) on March 19, 2008 by the City of Fresno (Doc. 23, Ex. 3), and on March 25, 2008 by the Fresno County Board of Supervisors, (Doc. 23, Ex. 4).  It is also uncontested that Plaintiff filed this lawsuit on September 19, 2008.

City Defendants argue that "pursuant to Government Code 946.6, before filing this civil action, plaintiff was required to first petition the appropriate court for an order relieving him from the provisions of the Government Code ... Defendants believe that no such petition has ever been filed."  City Defendants essentially contend that the U.S. District Court of California is not the "appropriate court" for purposes of § 946.6.

After a review of the relevant case law, the district courts in California are split on the issue of whether federal district courts have "jurisdiction" under § 946.6.  *See Rahimi v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. C 08-4712-MEJ, 2009 WL 1883756 (N.D. Cal. June 30, 2009) (summarizing the district court cases on point and holding that "the reasoning set forth in *Perez* to be the better approach ... [i]t would not further the remedial purpose of the statute to deny the petition, require Plaintiffs to re-file their petitions in Superior Court, file their tort causes of action in

**19**

state court upon the granting of the petitions, and then to have the claims removed to the Court again and joined with the current case."); *Cf. Hernandez v. McClanahan*, 996 F.Supp. 975, 979 (N.D. Cal. 1998) (stating that "federal courts do not have jurisdiction over section 946.6 petitions").  While the number of decisions align with City Defendant's position regarding jurisdiction under § 946.6., there is no clear pronouncement from the Ninth Circuit on the issue.[5]

Here, for purposes of the City's motion to dismiss, Plaintiff's allegations are sufficient to deny the motion.  The denial is without prejudice regarding City's ability to raise a similar motion on a motion for summary judgment.

> b.  *False Arrest/Imprisonment (Count II), Malicious Prosecution (Count III), IIED (Count IV), California Civil Code section 52.1 (Count V), Vicarious Liability (Count VI), and Negligence (Counts VII, IX).*

Plaintiff alleges causes of action against City Defendants for false arrest and imprisonment (Count II), malicious prosecution (Count III), intentional infliction of emotional distress (Count IV), and violation of California Civil Code section 52.1 (Count V).  He also alleges a cause of action for "Vicarious Liability" against

---

[5] There is also the parties' conflicting positions regarding whether or not Plaintiff's claims are considered "personal injury" claims under the California Tort Claims Act.  Plaintiff argues that his claims are "civil wrong" claims and are not governed by the six-month deadline.  City Defendants contend his action is essential a "personal injury" action, which is required to be filed within six months.

Defendants City of Fresno and County of Fresno pursuant to California Government Code section 815.2 (Count VI). He also alleges two "negligent" causes of action against Defendants City of Fresno and County of Fresno pursuant to California Government Code section 815.2

As described in Part(IV)(A)(1)(d), *supra*, the complaint must be dismissed for failure to state a claim. Here, the complaint must be dismissed because it fails to put the individual defendants on notice of the claims asserted against them.[6] Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading may not simply allege a wrong has been committed and demand relief. *Id*. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Put another way, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[6] For instance, Plaintiff supports his "false imprisonment" cause of action by stating "Plaintiff had not committed any crimes, and there was no reason upon defendant police officers could have reasonably believed the plaintiff had committed any crimes." (Compl. ¶ 59.)

**21**

liable for the misconduct alleged." *Id*.  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Plaintiff's state law causes of action, in total, fail to meet the rigors of *Iqbal*.

In his opposition brief Plaintiff submits that his FAC is "sufficient to sue Defendant named officers ... Plaintiff has put these officers on notice that they are being sued." Plaintiff also states that he "needs discovery, which includes police documents and trial records ... Plaintiff will amend his complaint accordingly, pending discovery." However, in *Iqbal*, the Supreme Court rejected a similar argument, finding that "a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Id*. at 1953.

Whatever state law claims Plaintiff intends to allege against any defendant in connection with the events of January 7, 2007 through June 6, 2007, he must state facts that support the elements of each cause of action, as to each defendant.

The City Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## B. **Fresno County**

Fresno County moves to dismiss Plaintiff's FAC for failure to state a claim.  Specifically, Fresno County argues that it is not subject to *Monell* liability in that its District Attorney acts as an arm of the State of California, not the County, to prosecute and investigate crimes.  The County also argues that Plaintiff "does

**22**

not allege any other official County policy or custom that caused his alleged constitutional deprivation."  As to Plaintiff's state law causes of action, the County asserts that is immune under California Government Code sections 815.2(b) and 821.6.

### 1. *District Attorney Elizabeth Egan*

The County first argues that Fresno County District Attorney Elizabeth Egan should be dismissed from this action because she is entitled to absolute immunity.  Defendant Egan was previously dismissed from this action on immunity grounds, however, Plaintiff repeated his allegations against Ms. Egan in his FAC.

The December 5, 2008 order determined that Plaintiff was entitled to absolute immunity because she was sued in her capacity as District Attorney:

> Defendant Egan is entitled to absolute immunity. Prosecutors are absolutely immune from civil suits for damages under section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D.Cal.1984).

(Doc. 7, 4:8-4:21.)

Here, Defendant Egan is entitled to absolute immunity. Plaintiff does not make any specific allegations, in either the

**23**

1    original or FAC, that Defendant Egan was involved in any capacity

2    other than her chief prosecutor's role.   In his opposition,

3    Plaintiff does not even address the December 5, 2007 order

4    dismissing Defendant Egan.   The December 5, 2007 Order is

5    controlling.   Defendant Egan is not a proper defendant for the

6    section 1983 cause of action.   She is absolutely immune.   The

7    charge against her is DISMISSED WITHOUT LEAVE TO AMEND.

8

9         2.   *Constitutional Allegations Against Fresno County*

10        There are allegations in the FAC from which it may be inferred

11   that Plaintiff is seeking to hold the County of Fresno liable for

12   alleged constitutional violations by Fresno County District

13   Attorneys.

14        To hold a local government liable for an official's conduct,

15   a plaintiff must first establish that the official 1) had final

16   policymaking authority "concerning the action alleged to have

17   caused the particular constitutional or statutory violation at

18   issue" and 2) was the policymaker for the local governing body for

19   the purposes of the particular act. *McMillian v. Monroe County*,

20   *Alabama*, 520 U.S. 781, 785 (1997).   State law defines the

21   official's "actual function ... in a particular area" for section

22   1983 purposes and this function must be evaluated to determine

23   whether he or she acts for the state or county. Id. at 786.   In

24   *Pitts v. County of Kern*, 17 Cal.4th 340 (1998), the California

25   Supreme Court concluded that a district attorney acts on behalf of

26   the state rather than the county in preparing to prosecute crimes

27   and in training and developing policies for prosecutorial staff.

28        The Ninth Circuit has also concluded that "under California

**24**

1   law a county district attorney acts as a state official when

2   deciding whether to prosecute an individual. *Weiner v. San Diego*

3   *County*, 210 F.3d 1025, 1030 (9th Cir. 2000). Therefore, to the

4   extent that the FAC attempts to impose Section 1983 liability on

5   the County of Fresno for decisions of the prosecutors, the FAC does

6   not state a claim against the County upon which relief can be

7   granted.

8       Ninth Circuit authority also suggests that only acts falling

9   outside a prosecutor's absolute immunity can give rise to

10  governmental entity liability under Monell. *See Ceballos v.*

11  *Garcetti*, 361 F.3d 1168, 1183 (9th Cir. 2004)(using absolute

12  immunity cases to guide analysis of whether a district attorney is

13  acting in a prosecutorial capacity and therefore on behalf of the

14  State); *see also Botello v. Gammick*, 413 F.3d at 979 (Dismissal of

15  *Monell* claim against County was error when District Attorney acted

16  as policymaker for the County when he performed administrative

17  functions outside the scope of absolute prosecutorial immunity.).

18  There are such allegations in the FAC. These claims are DISMISSED

19  WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

20      Additionally, Plaintiff alleges that Fresno County is

21  responsible for policies, procedures, customs, and practices

22  "implemented through its various agencies, agents, departments, and

23  employees," and requests that the County review its policies.

24  (Doc. 23, ¶¶ 6, 13.) Plaintiff has not identified any written

25  policies, regulations or ordinances to support his allegations, and

26  has not established that Deputy DA Esmeralda Garcia, who is not a

27  party to this lawsuit, had final policy-making authority on the

28  issues that Plaintiff identifies.

1    Here, as discussed in Part IV(A)(1)(c), *supra*, Plaintiff does
2    not identify an official County policy or custom followed by either
3    the Fresno City Police Department, Fresno County District Attorneys
4    (who are not named in this action), or any other employee of the
5    County of Fresno.   Plaintiff's *Monell* claim is also fatal in the
6    absence of an underlying constitutional deprivation or injury.
7    *See, e.g., Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950,
8    957 (9th Cir.2008) ("Because there is no constitutional violation,
9    there can be no municipal liability.")   At this time, it is unclear
10   how Plaintiff's allegations against Fresno County relate to any
11   alleged unlawful conduct, whether by the Fresno City Police
12   Department or any other municipal department employee.   It is also
13   unclear how Fresno County imposed on Plaintiff's constitutional
14   rights.

15   These claims are DISMISSED WITHOUT PREJUDICE.   Plaintiff is
16   given one additional opportunity to amend his complaint.

18       3.   *Remaining State Law Allegations Against Fresno County*

19   The same conclusion applies to the extent that the FAC seeks
20   to impose state law tort liability for malicious prosecution
21   against Fresno County.   Here, although Plaintiff does not
22   specifically name the individual prosecutors as defendants, he
23   mentions them - specifically, Deputy DA Esmeralda Garcia - in his
24   complaint.   Because Deputy DA Garcia is immune from liability
25   pursuant to California Government Code § 821.6,[7] the County and the

26

27       [7] Section 821.6 states: "A public employee is not liable for
28   injury caused by his instituting or prosecuting any judicial or
     administrative proceeding within the scope of his employment,

**26**

District Attorney are also immune. California Government Code §
Section 815.2(b) provides:

> (b) Except as otherwise provided by statute, a public
> entity is not liable for an injury resulting from an
> act or omission of an employee of the public entity
> where the employee is immune from liability.

Because individual district attorneys are immune from
liability, immunity applies to the public entity as well. *See*
*Poppell v. City of San Diego*, 149 F.3d 951, 970 (9th Cir. 1998)
("The City of San Diego cannot be held liable for such acts [of
negligence] where its employees are immune from liability.").

The California Supreme Court has held that § 821.6 "grants
immunity to any 'public employee' for damages arising from
malicious prosecution." *See Asgari v. City of Los Angeles*, 15 Cal.
4th 744, 756 (1997).  Courts have repeatedly held that § 821.6
immunity is not limited to claims for malicious prosecution,
"although that is a principal use of the statute." *See* Kemmerer,
200 Cal. App. 3d at 1436.

With respect to Plaintiff's remaining state law claims, County
Defendant has not cited any case holding such claims to be subject
to § 821.6.  However, the FAC does not raise the prospect of state
law liability against the County to the "plausible" level.
*Twombly*, 550 U.S. at 570.  Absent such allegations, the County's
motion to dismiss is GRANTED WITH LEAVE TO AMEND.[8]

---

even if he acts maliciously and without probable cause."

[8] Plaintiff's third cause of action for malicious
prosecution against the County is DISMISSED WITHOUT LEAVE TO
AMEND.

1

2  **C.    Attorney's Fees**

3      Defendants move to strike Plaintiff's request for attorney's

4  fees   from   his   FAC.     Defendants   argue   that   "Plaintiff   is

5  representing himself in this action and thus, he should not be

6  allowed to proceed with the impression he can potentially recover

7  attorney's fees."  Plaintiff counters that "his request is based on

8  seeking counsel ... this request will be in place when an attorney

9  takes over the case."

10     Plaintiff's argument is not well-taken.  Although Section 1988

11 provides for "reasonable attorney's fees" in any action to enforce

12 § 1983, pro se civil litigants are not entitled to attorney's

13 fees.[9]  *See Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991); *see also*

14 *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 816 (9th Cir.

15 1985).   Should  the  plaintiff  retain  an  attorney  for  further

16 litigation related to his complaint, he may amend his complaint at

17 that  time.    Plaintiff  cites  no  case  law  in  support  of  his

18 "potential for counsel" argument.

19     Defendants'  motion  to  strike  is  GRANTED  as  to  Plaintiff's

20 request for attorney's fees.

21

22 **D.    Motion For A More Definite Statement**

23     City Defendants move for a more definite statement under Fed.

24 R. Civ. Proc. 12(e).   The relevant question here is whether the

25

26 _____

        [9] In the Ninth Circuit, pro se litigants are not entitled to
27 attorney's fees without express statutory authorization.  *Pena v.
   Seguros La Comercial, S.A.*, 770 F.2d 811, 815-16 (9th Cir.1985)
28 Plaintiff has not identified such statutory support.

complaint gives City Defendants sufficient notice of the claims. "A court will deny a motion for a more definite statement" where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Neveau v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D.Cal. 2005).   A motion for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. *Id*.

A Rule 12(e) motion for a more definite statement must be considered in light of the liberal pleading standards set forth in Fed.R.Civ.P. 8(a)(2). *See, e.g., Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal. 1996) (citing Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")). A motion for a more definite statement is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal. 1999) (internal quotations and citation omitted). Whether to grant a Rule 12(e) motion for a more definite statement lies within the discretion of the district court. *See, e.g., San Bernardino Public Employees Ass'n v. Stout,* 946 F.Supp. 790, 804 (C.D.Cal. 1996).

Here, any issues concerning sufficiently pled causes of action have been addressed in the 12(b)(6) analysis above.   City Defendants motion for more definite statement is DENIED.

**29**

**V.   CONCLUSION**

For the foregoing reasons:

1. Plaintiff's § 1983 claims against Chief Dyer, Officers Robert Gonzales, Jesus Cerda, and Brent Willey, and Detectives Brian Valles and Brendan Rhames in their official capacities is DISMISSED from the suit WITH PREJUDICE.

2. The City of Fresno is the proper defendant in a § 1983 suit, not the City of Fresno Police Department, which is DISMISSED WITHOUT LEAVE TO AMEND.

3. Plaintiff's Monell claim against the City of Fresno is DISMISSED WITH LEAVE TO AMEND.

4. Plaintiff's § 1983 claim against Defendants Chief Dyer, Officers Gonzales, Cerda, and Willey, and Detectives Valles and Rhames in their individual capacities is DISMISSED WITH LEAVE TO AMEND.

5. Plaintiff's related state law causes of action against City Defendants are DISMISSED WITH LEAVE TO AMEND.

6. Defendant Fresno County District Attorney Elizabeth Egan is not a proper defendant for Plaintiff's § 1983 cause of action. She is absolutely immune.  The charge against her is DISMISSED WITHOUT LEAVE TO AMEND.

7. Plaintiff's allegations against the County of Fresno for alleged constitutional violations by Fresno County District Attorneys are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

8. Plaintiff's Monell claim against the County of Fresno is DISMISSED WITH LEAVE TO AMEND.

9. Plaintiff's related state law causes of action against County Defendants are DISMISSED WITH LEAVE TO AMEND.

30

10. Plaintiff's request for attorney's fees is DISMISSED.


Any amended complaint shall be filed within twenty (20) days following electronic service of this order.

IT IS SO ORDERED.

**Dated:    September 25, 2009**          **/s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE