1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO, *et al.*,<br><br>                    Defendants. | 1:08-CV-01399-OWW-DLB<br><br>MEMORANDUM DECISION AND ORDER RE: CITY OF FRESNO AND COUNTY OF FRESNO'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Docs. 49, 53.) |

## I.   INTRODUCTION

This case arises out of Plaintiff's arrest and prosecution for burglary in 2007.  Plaintiff was acquitted of this crime after a jury trial.  He now charges that the Defendant Officers violated his constitutional rights and maliciously prosecuted him. Plaintiff, proceeding pro per, also brings claims against the City of Fresno for inadequate training and supervision.

Before the court are two motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  One motion is brought by Defendants City of Fresno, Officers Robert Gonzales, Jesus Cerda, Brent Willey, and Detective Brian Valles (the "City defendants").  The other motion is brought by Defendant County of Fresno (the "County defendant").

1

## II.   FACTUAL BACKGROUND

The following facts are derived from Plaintiff's second amended complaint, ("SAC"), filed on December 9, 2009.  (Doc. 48.)

Plaintiff, a 23 year-old African-American male, alleges that on January 7, 2007, he went over to a friend's apartment, Jason Rooter, to help him move.  (Id. ¶'s 4, 18.)  Around 8:00 p.m., Defendant Willey and Officer Yeager received a dispatch re the alleged attack and robbery of Matt Billet, a Comcast Cable employee who was attacked while working on a friend's cable box.  (Id. ¶ 19.)  Billet called 911 and told the dispatcher that the suspect, whom he identified as "D-Boy," was wearing an orange t-shirt.  (Id. ¶ 20.)  Defendant Willey interviewed Billet, a white male, who was allegedly struck in the face several times with a closed fist. (Id. ¶ 21.)  Defendant Willey noted that Billet had a "slight" amount of redness on his right cheek that, but did not photograph Billet because he was unable to see any injuries.  (Id.)  Billet refused all emergency medical services.  (Id. ¶ 22.)  Defendant Willey and Officer Yeager went to the crime scene and did not find any physical evidence.   (Id. ¶ 23.)

At approximately 9:00 p.m., Fresno City police officers arrived at Jason Rooter's apartment.  (Id. ¶ 24.)  Plaintiff went outside and gave his name and identification.   (Id. ¶ 24.) Plaintiff was interviewed and eventually placed under arrest by Defendant Cerda.  (Id. ¶ 25.)  He was handcuffed, searched, and placed in the patrol car by Defendant Willey.  (Id. ¶ 26.) According to Plaintiff, he was not given a reason for his arrest. (Id.)

When Plaintiff arrived at the police station, he was

2

1  interrogated by Defendants Gonzales and Valles.   (Id. ¶ 27.)
2  Plaintiff waived his Miranda rights and denied committing a
3  robbery.  (Id. ¶ 28.)  Billet told Defendant Willey that he had a
4  conflict with Plaintiff several weeks before the robbery, but
5  Plaintiff told both officers that he was not involved "in any type
6  of physical disturbance with a white male."   (Id. ¶ 29.)
7  Plaintiff also requested to take a polygraph test, but the request
8  was denied.  (Id. ¶ 30.)  He told the officers that he would go to
9  jail and then go to trial to prove his innocence.  (Id. ¶ 28.)

10       On January 7, 2007, Brooke Doval, a City of Fresno employee,
11  obtained swabs from handgun's grip, trigger and magazine.  (Id. ¶
12  32.)  The results of Ms. Doval's tests were negative.  (Id.)  On
13  January 8, 2007, Fresno City Detective Rudy Montoya interviewed
14  Plaintiff regarding the alleged gun used in the robbery.  (Id. ¶
15  33.)  Plaintiff denied any knowledge of the gun and restated that
16  he was only at the apartment complex to help Mr. Rooter .  (Id.)
17  According to Plaintiff, Detective Montoya told Plaintiff that "if
18  I come back see to you in jail, it will be bad news, because you
19  lied to me."  (Id. ¶ 34.)

20       On January 9, 2007, Defendant County of Fresno filed a Felony
21  Complaint against Plaintiff and four other individuals who were in
22  the apartment on January 7, 2007, including Rooter.  (Id. ¶ 36.)
23  Plaintiff was charged with (1) robbery; (2) possession of a
24  controlled substance while armed with a firearm; and (3) possession
25  of marijuana for sale.  (Id.)  Plaintiff entered a not guilty plea
26  at his arraignment.  (Id. ¶ 38.)  On March 13, 2007, Plaintiff
27  appeared at his preliminary hearing.  (Id. ¶ 39.)  According to
28  Plaintiff, Billet changed his story, testifying that he and a

3

friend went to a friend's house to buy marijuana.  (Id. ¶ 39.)  He did not mention working for Comcast or working on his friend's cable box.  (Id.)  Fresno County Prosecutor Esmeralda Garcia was present at the hearing and heard the inconsistent testimony.  (Id. ¶ 40.)  Defendants Willey and Cerda also testified.  (Id. ¶ 41.)  Plaintiff was held to answer to the robbery charge, while the drug charges were dropped. (Id. ¶ 42.)

During the five day trial, Defendants Willey, Cerda, Rhames and Gonzales testified.  (Id. ¶ 46.)  Plaintiff testified on his own behalf, having rejected another plea offer the day prior to trial.  (Id. ¶ 47.)  On July 6, 2007, a jury found Plaintiff not guilty on all charges (second degree robbery, grand theft person and petty theft).  (Id. ¶ 48.)

Plaintiff was incarcerated from January 7, 2007, to July 6, 2007.  (Id. ¶ 51.)  During this time, he alleges that he endured humiliation, suffered emotional distress, lost his job, and was separated from his pregnant girlfriend who eventually miscarried before her delivery date.  (FAC ¶ 21.)

Plaintiff alleges he was wrongfully accused, wrongfully arrested, and wrongfully held in custody against his will for six months.  The officers are alleged to have falsely detained, arrested, and imprisoned Plaintiff, and held him against his will without probable cause.  Plaintiff also alleges that the Officers were motivated by racial prejudice because the victim is Caucasian, while the Plaintiff is African American.

The City of Fresno is sued because they allegedly did not effectively train and supervise City police officers with regard to the proper constitutional and statutory limits of the existence of

**4**

their authority.  Plaintiff also accuses the City of initiating and promoting a meritless and malicious prosecution, which deprived Plaintiff of his constitutional rights.

### III.   PROCEDURAL BACKGROUND

On September 19, 2008, Plaintiff filed this § 1983 action against the County of Fresno, City of Fresno, the Fresno Police Department, Chief Jerry Dyer, Officers Robert Gonzales, Jesus Cerda, Brent Willey, and Detectives Brian Valles and Brendan Rhames. (Doc. 1, "Original Complaint".)  Fresno County moved to dismiss Plaintiff's original complaint on March 17, 2009.  (Doc. 17.)  City Defendants moved to dismiss the original complaint on April 3, 2009.  (Doc. 19.)  The hearing on Defendants' motions to dismiss, originally set for May 18, 2009, was continued to June 15, 2009 due to the press of court business.  (Doc. 30.) On June 3, 2009, Plaintiff filed his first amended complaint ("FAC"), mooting the then-pending motions to dismiss.  (Doc. 31.)

County and City Defendants separately moved to dismiss Plaintiff's FAC on June 15, 2009.  (Docs. 33, 34.)  Oral argument on the motions to dismiss was held on September 14, 2009.  The court issued a written decision on September 28, 2009, dismissing Plaintiff's FAC without prejudice.  (Doc. 41.)  Plaintiff was given twenty days from the issuance of the order to amend his complaint.[1] (Id.)

---

[1] On November 2, 2009, Plaintiff filed a "Request for Extension of Time," seeking thirty additional days to file an amended complaint. (Doc. 46.)  The motion was granted on November 10, 2009.  (Doc. 47.)  Plaintiff was required to file a second amended complaint by December 9, 2009.  (Id.)

Plaintiff filed his second amended complaint, ("SAC"), on December 9, 2009. (Doc. 48.)  The SAC's caption lists the City of Fresno, Robert Gonzales, Jesus Cerda, Brent Willey, and Brian Valles as Defendants.  The SAC alleges eight claims for relief:

1.    First Claim for Relief (All City Defendants) - Denial of Constitutional Right Against Unreasonable Search and Seizure in violation of the Fourth and Fourteenth Amendments pursuant to 28 U.S.C. § 1983;

2.    Second Claim for Relief (Officer Defendants) - False Arrest and Imprisonment;

3.    Third Claim for Relief (Officer Defendants) - Malicious Prosecution;

4.    Fourth Claim for Relief (Officer Defendants) - Intentional Infliction of Emotional Distress;

5.    Fifth Claim for Relief (Officer Defendants) - Violation of California Civil Code § 52.1;

6.    Sixth Claim for Relief (All City Defendants) - Vicarious Liability;

7.    Seventh Claim for Relief (Officer Defendants) - Violation of California Civil Code § 51.7; and

8.    Eighth Claim for Relief (Officer Defendants) - Negligence.


The SAC prays for injunctive relief enjoining City Defendants from authorizing, allowing, or ratifying the use of excessive force by its police officers; for a "public apology" from all Defendants;

1

and for attorney's fees as provided by law.[2]

2

3

County and City Defendants separately moved to dismiss Plaintiff's SAC on December 11, 2009.  (Docs. 49, 53.)  Plaintiff opposed the motions on February 22, 2010.  (Doc. 55.)

4

5

6

## IV.   LEGAL STANDARD

7

8

9

10

11

12

13

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted."  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

14

15

16

17

18

19

20

21

22

23

24

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Id*.  Rather, there must be "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.

25

26

27

28

[2] Plaintiff's request for attorneys' fees was stricken from the FAC pursuant to the September 28, 2009 Order.  (Doc. 41.)  Pro se civil litigants are not entitled to attorney's fees.  *See Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991).

7

----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950.  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows:  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

## V.   DISCUSSION

A.   Fresno County

On June 15, 2009, Fresno County moved to dismiss Plaintiff's FAC, arguing that the allegations against it were insufficient under Rule 12(b).   In particular, via the September 28, 2009 written order, it was determined that Fresno County District Attorney Elizabeth Egan was not a proper defendant for Plaintiff's § 1983 claim; the court also found that he could not sustain a constitutional claim against Fresno County for alleged constitutional violations by its District Attorneys.   (Doc. 41 at 22:23-26:16.)   These claims/parties were dismissed without leave to amend.   Plaintiff, however, was given one additional opportunity to perfect his *Monell* claim against the County of Fresno.   (Id.)

Fresno County now moves to dismiss Plaintiff's SAC for three reasons.   First, the County argues that it should be dismissed because the SAC does not name the County as a Defendant.   Second, the SAC does not contain any substantive allegations against the County or its employees.   Third, the proof of service attached to the complaint demonstrates that Plaintiff did not intend to serve the SAC on the County.

Courts have held that an amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action.   *See Hafiz v. Indymac Fed. Bank*, C-09-02300-SI, 2009 WL 2982830 (N.D. Cal. Sep. 14, 2009) ("[W]here the plaintiff does not rename a particular defendant in an amended complaint, no judgment may issue against that defendant.") (quoting *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990)); *see also King v. Atiyeh*, 814 F.2d 565, 567

**9**

(9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

   *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090 (S.D. Cal. 2006), held:

> Once filed, the amended complaint supersedes the original: it must stand or fall on its own; jurisdictional and other allegations essential to the claim must be realleged; and the original complaint is rendered irrelevant unless the amended complaint incorporates by reference portions of the prior pleading. An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action.

*Id.* at 1101 (citations omitted).

   Plaintiff's SAC neither names the County of Fresno as a defendant in its caption, nor contains any substantive allegations against the County or its employees.  The allegations against the County have been superceded by the SAC or were dismissed by prior court order.  Plaintiff has not perfected his *Monell* claim against the County despite being given one last opportunity to amend his complaint.  The County's request for an order dismissing it from this action is GRANTED WITH PREJUDICE.


   B. City of Fresno Defendants

      1. 42 U.S.C. § 1983 (Claim I)

   Defendants City of Fresno, Officers Robert Gonzales, Jesus Cerda, Brent Willey, and Detective Brian Valles seek 12(b)(6) dismissal of Plaintiff's 42 U.S.C. § 1983 on grounds that the claims fail to allege necessary elements or are barred by the doctrine of collateral estoppel.

10

1

### a.  *Monell Liability*

2    Plaintiff brings a § 1983 constitutional violation claim

3 against the City of Fresno under the Fourth and Fourteenth

4 Amendments.  Local governments are "persons" subject to suit for

5 "constitutional tort[s]" under 42 U.S.C. § 1983.  *Haugen v.*

6 *Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't*

7 *of Soc. Servs*., 436 U.S. 658, 691 n.55 (1978))  "[O]ur holding ...

8 that local governments can be sued under § 1983 necessarily decides

9 that local government officials sued in their official capacities

10 are 'persons' under § 1983 in those cases in which, as here, a

11 local government would be suable in its own name".  *Monell*, 436

12 U.S. at 691 n.55.  "Local governing bodies, therefore, can be sued

13 directly under § 1983 for monetary, declaratory, or injunctive

14 relief where, as here, the action that is alleged to be

15 unconstitutional, implements or executes a policy statement,

16 ordinance, regulation, or decision officially adopted and

17 promulgated by that body's officers ... [or for] deprivations

18 visited pursuant to governmental 'custom' even though such a custom

19 has not received formal approval through the body's official

20 decision making channels."  *Id*. at 690-91.

21    Although a local government can be held liable for its

22 official policies or customs, it will not be held liable for an

23 employee's actions outside of the scope of these policies or

24 customs.  "[T]he language of § 1983, read against the background of

25 the same legislative history, compels the conclusion that Congress

26 did not intend municipalities to be held liable unless action

27 pursuant to official municipal policy of some nature caused a

28 constitutional tort.  In particular, ... a municipality cannot be

held liable solely because it employs a tortfeasor.  A municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Id.* at 691.   The statute's "language plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."  *Id.* at 692.

To prevail on a § 1983 claim against a local government under Monell, a plaintiff must satisfy a three-part test: (1) The official(s) must have violated the plaintiff's constitutional rights; (2) The violation must be a part of a policy or custom and may not be an isolated incident; and (3) A nexus must link the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.   There are three ways to show a policy or custom of a municipality:

> (1) By showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
>
> (2) By showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or
>
> (3) By showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.* Municipalities can be held liable "if its deliberate policy caused the constitutional violation alleged."  *Blackenhorn*, 485 F.3d at 484.

The City argues that Plaintiff's *Monell* claim fails because he "again fail[s] to plead that the alleged constitutional violations were pursuant to a 'custom or policy' of the Fresno Police Department." (Doc. 53-2, 5:1-5:2.) This issue, i.e., pleading a *Monell* claim under the *Iqbal* standard, was discussed in detail at the September 14, 2009 oral argument and in the September 28, 2009 Order. The September 28, 2009 Order provides:

> Prior to *Iqbal*, "a claim of municipal liability under section 1983 [was] sufficient to withstand a motion to dismiss even if the claim [was] based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." However, *Iqbal* has made clear that conclusory, "threadbare" allegations that merely recite the elements of a cause of action will not withstand a motion to dismiss. Even under a *Whitaker* standard, Plaintiff's FAC is insufficient. Plaintiff's FAC fails to even cite a custom or policy of the City or any other indicia of *Monell* liability, other than a conclusory incantation that the City "knew" of an illegal policy.

> Plaintiff has not sufficiently alleged that, in depriving him of his constitutional rights, a City employee was acting pursuant to an official policy, custom or practice of the City of Fresno. There is a brief reference to an "illegal policy," but no explanation as to what comprises the "illegal policy, pattern, practice, custom" referred to in the FAC [...]

> As best understood, paragraph 45 of the FAC refers to the City's "knowledge" of an illegal "policy, pattern, practice, custom" concerning the District Attorney's decision to file criminal charges against him. Plaintiff's factual description ends there. If Plaintiff seeks to allege a claim against the City, Plaintiff must identify what "policy" or "custom" he is challenging and how that policy or custom deprived him of his constitutional rights. At this time, it is unclear what "policy, pattern, practice, custom" Plaintiff refers to and how the City's purported "knowledge" of these policies deprived him of his constitutional rights [...]

> The allegations in the FAC do not identify the challenged policy/custom, explain how the policy/custom is deficient, explain how the

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> policy/custom caused the plaintiff harm.   City
> Defendants' motion to dismiss is GRANTED.   Plaintiff
> has already amended his complaint once.   Leave to
> amend is GRANTED for one final opportunity.   No
> further leave will be given.

(Doc. 41 at 12:22-15:6.) (citations omitted).

Plaintiff has not cured his pleading deficiencies.   Here, Plaintiff alleges that Defendants City of Fresno and its officers "violated his civil rights" and "wrongfully held [him] in custody against his will for six months, and emotionally distressed [him]." (SAC ¶ 14.)   Plaintiff further alleges that "Defendants deprived the Plaintiff of his right to be free from unreasonable search and seizures," and "Defendants knew or should have known of the Plaintiff's rights, and knew and should have known that their wrongful and illegal conduct violated Plaintiff's rights."   (Id. ¶'s 57, 60.)   The SAC, however, fails to allege or identify an official custom or policy of the City of Fresno that caused the alleged constitutional violations.   This is fatal to Plaintiff's *Monell* claim against the City.   *See, e.g., Blankenhorn*, 485 F.3d at 484;   *see also Funez ex rel. Funez v. Guzman*, --- F.Supp.2d ----, 2009 WL 5064982 (D. Or. Dec. 15, 2009) (dismissing Plaintiff's Monell claim on grounds that the complaint failed to identify a specific policy or custom);   *Wilson v. City of Fresno,* CV-09-0887-LJO-SMS, 2009 WL 3233879 (E.D. Cal. Oct. 2, 2009) (Plaintiff's § 1983 discrimination claim "is conclusory and fails to establish the City's Monell liability [....] [t]he complaint identifies no policy with particularity to connect the City's execution of such policy to [Plaintiff's] alleged [] deprivation.").

Plaintiff has not sufficiently alleged that, in depriving him

14

of his constitutional rights, a City employee was acting pursuant to an official policy, custom or practice of the City of Fresno.[3] Plaintiff's allegations do not support a claim against the City of Fresno under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). The motion is GRANTED.  No further leave will be given.

## b.  *Collateral Estoppel*

Plaintiff asserts a § 1983 claim against Defendants Gonzales, Cerda, Willey, and Valles on grounds that Plaintiff was arrested and prosecuted without probable cause.[4]  To the extent it can be understood, the substance of Plaintiff's complaint is that Mr. Billet, the alleged victim, gave inconsistent statements to the police and changed his testimony during the preliminary hearing. According to Plaintiff, Prosecutor Esmeralda Garcia, who is not a party to this action, knew Billet's statements were inconsistent and failed to act, leading to the probable cause finding, his pre-trial incarceration, and his trial.

Defendants argue that Plaintiff should be estopped from

_____

[3] Plaintiff's *Monell* claim fails because he has neither pled any facts suggesting that the City of Fresno had an unconstitutional policy or custom nor indicated how the City of Fresno violated his constitutional rights.  *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

[4] Plaintiff sues Defendants Gonzales, Cerda, Willey, and Valles in their individual capacities for liability under § 1983. Plaintiff alleges that his arrest was unlawful and that "Defendants deprived [him] of his right to be free from unreasonable searches and seizures."  (SAC ¶ 57.)  Defendants move to dismiss the claim on grounds that it is barred under the doctrine of collateral estoppel.

challenging the propriety of his arrest under *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138 (1999) and *Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987).[5] Defendants contend that because the sufficiency of probable cause for his arrest was necessarily determined in the preliminary hearing held on March 13, 2007, after which Plaintiff was held over for trial, Plaintiff may not re-litigate the question of probable cause through this case.

The doctrine of collateral estoppel, or issue preclusion, prevents re-litigation of legal and/or factual issues necessarily considered and determined in a prior legal proceeding between the same parties, or their privies. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 94 (1980); *McGowan v. City of San Diego*, 208 Cal. App. 3d 890, 895 (1989). The collateral estoppel doctrine applies with equal force to claims brought under § 1983. *See Allen*, 449 U.S. at 105. Whether collateral estoppel applies in a given case is primarily a legal question. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). State law governs the application of collateral estoppel to issues that were decided in a prior state court proceeding. *See id.*; *Allen*, 449 U.S. at 96 (state law applicable for prior state judgments).

Under California law, collateral estoppel is applied where: (1) the issue sought to be precluded is identical to that which was decided in a prior proceeding; (2) that issue was actually

---

[5] The defense of collateral estoppel may be considered on a motion to dismiss if the court can take judicial notice of all relevant facts. *See Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992); *see also McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (district court may examine preclusive effect of prior judgment sua sponte).

litigated and necessarily decided in that proceeding; (3) there was a final judgment on the merits; and (4) that party against whom collateral estoppel is asserted was a party or in privity with a party to the prior proceeding. *See McCutchen*, 73 Cal. App. 4th at 1145; *Heath*, 813 F.2d at 258.   In California, a prior criminal proceeding may have collateral estoppel implications for a subsequent civil suit. *See, e.g., McGowan v. City of San Diego*, 208 Cal. App. 3d 890, 895 (1989); *McCutchen*, 73 Cal. App. 4th at 1144; *Heath*, 813 F.2d at 258.

A probable cause determination at a preliminary hearing is considered a final judgment on the merits because the defendant can immediately appeal the determination. *See Haupt v. Dillard*, 17 F.3d 285, 288-89 (9th Cir. 1994); *McCutchen*, 73 Cal. App. 4th at 1145-46.   In California, an accused can immediately appeal the determination by filing a motion to set aside the preliminary hearing under California Penal Code § 995 and then obtain review of the decision on this motion by filing a writ of prohibition under California Penal Code § 999a. *See McCutchen*, 73 Cal. App. 4th at 1146. Consequently, a preliminary hearing that determines probable cause to arrest may bar subsequent claims under § 1983 based on this issue, but not in all circumstances. *See*, e.g., *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) ("[A] [civil] plaintiff [in a § 1983 action] can rebut a prima facie finding of probable cause [ ] by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith.").

Plaintiff maintains that collateral estoppel does not apply to his § 1983 claim because the "trial judge erred in deciding that

17

Plaintiff should be held to answer for the charges of robbery." (Doc. 55 at 4:19-20.)   On Plaintiff's account, Billet's false and inconsistent testimony was considered by the judge at the hearing and led to the adverse and incorrect probable cause ruling. Plaintiff also blames "Prosecutor Esmeralda Garcia" for not intervening, but does not allege that the officers perjured themselves or caused Billet to change his testimony.   The SAC provides in relevant part:

> 39.   On March 13, 2007 the Plaintiff and other charged individuals appeared at the preliminary hearing to see if there is enough evidence to hold the plaintiff and go to trial.   Billet testified at the hearing and considerably changed his story on what occurred that evening of January 7, 2007.   During his testimony, Billet made no mention that he worked for Comcast Cable and that he was working on his friend's cable box on the day of the alleged incident.   Billet['s] new story was, that he and his friend went to someone's house to score a bag of marijuana.

> 40.   Prosecutor Esmeralda Garcia from Defendant County District Attorney Office was present at the hearing.   Ms. Garcia knew or reasonabl[y] should have known that the alleged victim, Billet, story was contradictive [sic] and inconsistent from his original statements on January 7, 2007.

> 41.   Defendants Willey and Cerda testified at the hearing before Judge Hoff.

> 42.   Plaintiff was held to answer Count-1 [robbery] and the drug charges were dropped.   Plaintiff was plead to the mid-term of Count-1, to dismiss as to the gun enhancement.

(SAC ¶'s 39-42.)

Defendants advance two reasons why the doctrine of collateral estoppel bars Plaintiff's § 1983 claim:   (1) Plaintiff "admitted" to answering to the robbery charge in both his second amended complaint and opposition; and (2) the transcript of the March 13,

2007 preliminary hearing demonstrates that probable cause existed to try Plaintiff on the robbery charge.    The March 13, 2007 transcript, portions of which are attached to Plaintiff's SAC and opposition, provides:[6]

> Court:      All right.  As to the charge in Count 1 of the complaint, felony offense of robbery under Penal Code Section 211 charged against Defendant Number 1, Demetrius Harvey only, the court finds that there is sufficient evidence to establish that the crime of robbery has occurred and there's also sufficient, reasonable and probable cause that the defendant Harvey is guilty thereof.  I order he be held to answer that charge.
>
> The court is also satisfied that there's sufficient evidence to establish the personal use of a firearm within the meaning of Penal Code Section 12022.53(b) as to defendant Harvey in Count 1, and therefore, he's held to answer as alleged in Count 1.

(Doc. 55, Exh. 1, March 13, 2007 Preliminary Hearing, 56:13-57:2.)

This finding precludes Plaintiff's § 1983 claim alleging the Defendants violated his Fourth and Fourteenth Amendment rights when they arrested him.  Although the specific finding states only that there was probable cause to hold Plaintiff for trial and does not specifically address whether there was probable cause to arrest, under California law, "a finding of sufficiency of the evidence to

---

[6] The Court takes judicial notice of the March 13, 2007 preliminary hearing transcript. *See Backe v. Novatel Wireless, Inc.*, 607 F. Supp. 2d 1145 (S.D. Cal. 2009) ("In evaluating a motion to dismiss, a court may consider evidence on which the complaint 'necessarily relies' as long as: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). In addition, the Court may consider matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

1    require the defendant to stand trial is a finding of probable cause

2    to arrest the defendant." *See McCutchen,* 73 Cal. App. 4th at 1145

3    (citing *Haupt*, 17 F.3d at 289).   The issues necessarily determined

4    at Plaintiff's preliminary hearing are the same issues that

5    underscore his civil-rights claim.   Under *McCutchen* and well-

6    established Ninth Circuit precedent, the March 13, 2007 probable

7    cause finding forecloses Plaintiff's § 1983 claim against

8    Defendants Gonzales, Cerda, Willey, and Valles.

9        That is not the end of the inquiry, however.   Courts have

10   identified factual circumstances that limit or eliminate collateral

11   estoppel effects of a prior criminal preliminary hearing.   In *Haupt*

12   *v. Dillard*, 17 F.3d 285, the Ninth Circuit found two such

13   situations: (1) where facts were presented to the judicial officer

14   presiding over the preliminary hearing which were additional to (or

15   different from) those available to the officers at the time they

16   made an arrest; and (2) where tactical considerations prevented a

17   litigant/prior criminal defendant from vigorously pursuing the

18   issue of probable cause during the prior criminal

19   prosecution/preliminary hearing.   *See id.* at 289.   The *McCutchen*

20   decision identified a third factual "exception" to the *Haupt*

21   doctrine: (3) where a plaintiff alleges that the arresting officer

22   lied or fabricated evidence presented at the preliminary hearing.

23   *McCutchen*, 73 Cal. App. 4th at 1147.   In the absence of one of

24   these three exceptions, however, California plaintiffs may not

25   "re-litigate" the "issue" of probable cause.

26       Here, Plaintiff's SAC contains no allegations regarding

27   untruthfulness or fraud on the part of the arresting

28   officers/detectives.   In particular, Plaintiff has neither pled nor

1    indicated   that   the   Defendant   officers/detectives   perjured

2    themselves or fabricated evidence.  The gravamen of Plaintiff's SAC

3    focuses on Billet's "changed story," and the prosecutor's alleged

4    failure to intervene.   This case is readily distinguishable from

5    those  applying  the  *Haupt*  and  *McCutcheon*  exceptions.   *Compare*

6    *Hernandez v. City of Los Angeles*, CV-04-09262-FMC, 2005 WL 5714358

7    (C.D. Cal. Jan. 6,2005) (dismissing Plaintiff's § 1983 claim, on

8    collateral estoppel grounds, after finding that his allegations did

9    not implicate *Haupt* or *McCutchen* exceptions) *with Guerrero v. City*

10   *and County of San Franciso*, C-00-1247-THE, 2003 WL 22749099 at *5

11   (N.D. Cal. Nov. 18, 2003) (denying Defendants' collateral estoppel

12   argument because "plaintiff alleges that [the officer] falsely

13   testified at the preliminary hearing and falsely stated in his

14   affidavit supporting the arrest warrant that [the victim] had told

15   him that plaintiff had vaginally penetrated [the victim] [on a

16   number of occasions].").

17        As pled, collateral estoppel bars Plaintiff from relitigating

18   the issue of probable cause to arrest, and the motion to dismiss is

19   granted on Plaintiff's § 1983 claims against Defendants Gonzales,

20   Cerda,  Willey,  and  Valles.   Plaintiff  has  neither  pled  nor

21   indicated that the "exceptional" circumstances discussed in *Haupt*

22   or *McCutcheon* exist in this case.   The motion is GRANTED WITH

23   PREJUDICE.[7]

24

25        [7] Although it is generally preferable to decide a collateral
26   estoppel defense on a motion for summary judgment rather than on a
     motion to dismiss, *see Morley v. Walker*, 175 F.3d 756, 761 (9th
27   Cir. 1999), under the circumstances of this case, dismissing
     Plaintiff's claims on a motion to dismiss is warranted. *See Day v.*
28   *Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).  In addition, the

1

### c. *Equal Protection Claim*

2      Plaintiff alleges a claim for violation of his right to equal

3  protection, contending that the actions of Defendant officers were

4  driven by race discrimination.    The SAC's equal protection

5  allegations are comprised of one paragraph:

6          91.   Plaintiff is informed and believes and alleges
                that the conduct of the officers and does 1-
7                10, was motivated by racial prejudice against
                Plaintiff because Billet [the victim] is
8                white.    Plaintiff is and was readily
                recognizable African-American.

9

10 (SAC ¶ 91.)

11     Defendants move to dismiss Plaintiff's equal protection claim

12 on grounds that the allegations do not adequately state an

13 unconstitutional animus or motive.   A party alleging an equal

14 protection violation must indicate that there are at least "two

15 classifications of persons who are treated differently under the

16 law." *Christian Gospel Church v. San Francisco*, 896 F.2d 1231,

17 1226 (9th Cir. 1990).   A plaintiff must also allege discriminatory

18 animus.   *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948-49

19 (9th Cir. 2003).   Plaintiff has not done either.

20     Plaintiff's second amended complaint has not appropriately

21

22 holdings of *Moreno v. Baca*, CV-00-07149-ABC-CWX, 2001 WL 1204113
23 (C.D. Cal. July 9, 2001) and *White v. City of Fresno*, CV-F-05-1558-
   OWW, 2007 WL 3341470 at *21 (E.D. Cal. Nov. 9, 2007) are
24 distinguishable.  Those cases presented an incomplete testimonial
   record, thus the question of the potential collateral estoppel
25 effect could not be resolved without resorting to facts outside of
   the operative pleadings.  This case is differs for two reasons: (1)
26 as pled, Plaintiff's allegations against the Defendant officers do
   not implicate the *Haupt* or *McCutcheon* exceptions; and (2) the
27 probable cause finding is not in dispute.  This case is analogous
   to *Hernandez v. City of Los Angeles*, *supra*.
28

identified with particularity the conduct undertaken by Defendants that rises to "intentional discrimination." Nor has he sufficiently described how "two classifications of persons were treated differently under the law." The SAC merely alleges that Plaintiff's equal protection rights were violated because the victim was caucasian and he is African-American. No other facts are alleged. This is insufficient under *Iqbal*. Defendants' motion to dismiss the equal protection claim is GRANTED.

### 2.   State Law Claims

Plaintiff alleges causes of action against Defendants Gonzales, Cerda, Willey, and Valles for false arrest/imprisonment (Count II), malicious prosecution (Count III), intentional infliction of emotional distress (Count IV), negligence (Count VIII) and violations of California Civil Code §§ 52.1 (Count V) and 51.7 (Count VII). He also alleges a cause of action for "Vicarious Liability" against the City of Fresno and County of Fresno.

### a.   *False Arrest/Imprisonment (Count II) and Malicious Prosecution (Count III)*

Plaintiff alleges causes of action against Defendants Gonzales, Cerda, Willey, and Valles for false arrest and imprisonment (Count II) and malicious prosecution (Count III). Defendants contend that Plaintiff's claims for false arrest/imprisonment and malicious prosecution are precluded under the doctrine of collateral estoppel. Defendants are correct.

Collateral estoppel bars Plaintiff's claims for false arrest/imprisonment and malicious prosecution because the issue of

23

1   probable cause has already been determined in state court.  *See,*
2   *e.g., Rutledge v. County of Sonoma*, C-07-4274-CW, 2009 WL 3075596,
3   (N.D. Cal. Sep. 22, 2009).  Under the analysis discussed above, the
4   preliminary hearing provided a final determination that there was
5   probable cause to prosecute.  As an essential element of each claim
6   is want of probable cause, the March 13, 2007 finding bars
7   Plaintiff from relitigating this issue in connection with his false
8   arrest/imprisonment and malicious prosecution claims.  *See Estate*
9   *of Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th
10  Cir. 2008) (stating the elements of a claim for malicious
11  prosecution in California); *see also Flowers v. County of Fresno*,
12  CV-F-09-0051-LJO-GSA, 2009 WL 1034574 at *8 (E.D. Cal. April 16,
13  2009) (discussing the necessity of probable cause in the context of
14  a false arrest/imprisonment claim).  Plaintiff provided no argument
15  or evidence disputing City Defendants' argument on this point.

16      The determination of probable cause at the March 13, 2007
17  hearing operates as a complete defense to these tort claims.  The
18  motion is GRANTED.  Plaintiff's second and third causes of action
19  are DISMISSED WITH PREJUDICE.

20

21          **b.    *IIED (Count IV)***

22      Defendants move to dismiss Plaintiff's IIED claim on grounds
23  that "the only conduct identified by Plaintiff as allegedly
24  'outrageous' is the arrest, and subsequent detention."   To
25  establish a prima facie case of intentional infliction of emotional
26  distress, Plaintiff must show extreme and outrageous conduct by
27  Defendant, the intention to cause or reckless disregard of the
28  probability of causing emotional distress, actual severe emotional

suffering by Plaintiff, and actual and proximate causation of the emotional distress. *Potter v. Firestone* 6. Cal. 4th 965, 1001 (1999); *Delfino v. Agilent Technology, Inc.*, 145 Cal. App. 4th 790, 808 (2006). For conduct to be extreme and outrageous, it must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter*, 6 Cal. 4th at 1001; *Delfino*, 145 Cal. App. 4th at 809.

In his opposition, Plaintiff submits that "paragraphs 79 through 82 of the SAC properly establish a claim for IIED." (Doc. 55 at 5:16-5:18.)  The relevant portion of the SAC provides:

> 79. Plaintiff re-alleges and incorporates herein paragraphs 1 through 78 above, as though fully set forth in this Claim for relief.
>
> 80. As alleged above, defendants, and each of them, acted willfully, knowingly, maliciously, in bad faith and with the intention to cuase Plaintiff humiliation, mental anguish, and severe emotional distress; and defendants acted with the knowledge that such injuries would occur.
>
> 81. As a direct, proximate, and legal result of the above illegal and wrongful acts defendants, and each of the defendants, Plaintiff suffered injury, damages, and losses, including, but not limited to the following, in the amount that will be proven at trial;
> a. Loss of liberty
> b. Loss of comfort and emotional support for his girlfriend during pregnancy
> c. Severe emotional distress
> d. Public degradation, e. Loss of income.
> e. Loss of income
>
> 82. The above described conduct by named officers and Does 1 through 25, and each of them, were willful, oppressive, intentional and malicious; punitive and exemplary damages and therefore [sic] to make an example of and punish named defendants officers and Does 1 through 25.

(SAC ¶'s 79-82.)

Defendants correctly note that the conclusory allegations set

forth in the SAC are insufficient to state a claim for IIED.  Here,

Plaintiff *again* fails to cure the pleading deficiencies attendant

to his IIED claim.   This point was discussed in detail in the

September 28, 2009 Order:

> [T]he complaint must be dismissed because it fails to put the individual defendants on notice of the claims asserted against them.   Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   A pleading may not simply allege a wrong has been committed and demand relief. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me   accusation." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
>
> Put another way, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   Plaintiff's state law causes of action, in total, fail to meet the rigors of Iqbal.
>
> In his opposition brief Plaintiff submits that his FAC is "sufficient to sue Defendant named officers ... Plaintiff has put these officers on notice that they are being sued."   Plaintiff also states that he "needs discovery, which includes police documents and trial records ...   Plaintiff will amend his complaint accordingly, pending discovery."   However, in *Iqbal*, the Supreme Court rejected a similar argument, finding that "a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."
>
> Whatever state law claims Plaintiff intends to allege against any defendant in connection with the events of January 7, 2007 through June 6, 2007, he must state facts that support the elements of each cause of action, as to each defendant.

(Doc. 41 at 20:19-22:21.) (citations omitted).

At this time Plaintiff has had over one year and one-half to conduct discovery.  He has not discovered any facts that support his conclusory allegations.

The motion is GRANTED.  Plaintiff's fourth cause of action for IIED is DISMISSED WITH PREJUDICE.

### c.   *Cal. Civil Code § 52.1 (Claim V)*

Plaintiff includes a cause of action invoking California Civil Code § 52.1, premised on violations of his rights under the Fourth and Fourteenth Amendments.  Section 52.1 establishes a private right of action for an "individual whose exercise of enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with" by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a).

Defendants argue that plaintiff has failed to allege sufficient facts to be entitled to relief under § 52.1.  As defendants correctly point out, § 52.1 provides remedies for violations of constitutional or statutory rights where the violation is accompanied by threats, intimidation, or coercion. *See Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996); *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860 (2007).  Here, while Plaintiff alleges that Defendants "acted unlawfully" and were "malicious," Plaintiff does not allege that any defendant threatened him, intimidated him, or coerced him. Plaintiff does not state a claim under § 52.1.

Moreover, Plaintiff's § 52.1 claims does not rely on a proper

constitutional or statutory claim, as his § 1983 claim was barred by the doctrine of collateral estoppel.  He does not advance a separate theory to advance a § 52.1 claim.  The motion is GRANTED and no further leave will be given.

### d.   *Vicarious Liability (Claim VI)*

The sixth cause of action is alleged against the City of Fresno and Defendants Gonzales, Cerda, Willey, and Valles. After incorporating all preceding allegations, the sixth cause of action alleges:

> 88.  Defendants City, pursuant to Gov. Code Section 815.2(a), are vicariously liable to plaintiff for their injuries and damages suffered as alleged, incurred as a proximate result of the previous mentioned [sic] of intentional, negligent, and wrongful conduct of the name ddefendant officers and DOES 1-25, as stated in the Second through Fifth Causes of Action.
>
> 89.  As a proximate result of named Defendants' conduct, plaintiff suffered injuries and damages.

(SAC ¶'s 88-89.)

Defendants move to dismiss Plaintiff's sixth claim because "vicarious liability is not a cause of action in and of itself [...] there must be an underlying tort or statutory violation by an employee in the course and scope of his employment before vicarious liability can attach.  Defendants are correct.  Because Plaintiff's claims are either barred by the doctrine of collateral estoppel or are legally insufficiently, there is no basis to impose vicarious liability.  Given the absence of any legal authority supporting the cause of action, the vicarious liability claim is DISMISSED WITH PREJUDICE.

28

1             **e.   _Cal. Civil Code § 51.7 (Claim VII)_**

2        Plaintiff's seventh cause of action is for violation of the

3   Unruh Civil Rights Act, California Civil Code Section 51.7. It is

4   asserted only against Defendants Gonzales, Cerda, Willey, and

5   Valles.

6        California Civil Code § 51.7 grants the "right to be free from

7   any violence, or intimidation by threat of violence, committed"

8   against "persons or property" because of a characteristic listed or

9   defined in California's Unruh Civil Rights Act, California Civil

10  Code § 51.   Defendants move to dismiss Plaintiff's claim for

11  violation of § 51 because no facts are alleged that come within the

12  scope of the statute.

13       Here, as discussed in § V(B)(1)(c), _supra_, Plaintiff has not

14  sufficiently pled a racial discrimination claim.   Plaintiff has

15  also failed to allege that any defendant committed violence against

16  him or threatened violence against him.   Plaintiff's claim under §

17  51.7 is DISMISSED WITH PREJUDICE.

18

19            **f.   _Negligence (Claim VIII)_**

20       Plaintiff's SAC alleges that defendants were negligent in

21  causing "unnecessary harm and distress to persons through their use

22  of force and making arrests."   (SAC ¶ 95.)   Defendants argue that

23  the negligence claim should be dismissed because probable cause for

24  the arrest was established at the March 13, 2007 hearing and

25  Defendants owed no legal duty to Plaintiff in relation to their

26  investigation.

27       "The elements of a cause of action for negligence are (1) a

28  legal duty to use reasonable care, (2) breach of that duty, and (3)

proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc*., 118 Cal. App. 4th 269, 278 (2004) (citation omitted).

To the extent that Plaintiff argues that he has a cause of action for negligence against Defedants Gonzales, Cerda, Willey, and Valles for arresting him in January of 2007, this claim is dismissed.  The January 2007 arrest, which provides the basis for his claim, was supported by probable cause, negating his claim.  To the extent that Plaintiff makes a negligence claim against the City of Fresno for the circumstances surrounding his January 2007 arrest, it also dismissed.  Plaintiff fails to cite any California authority permitting such a cause of action.  Plaintiff also fails to specifically allege the existence of a duty and the breach of that duty.

Plaintiff's negligence claim primarily fails because the state court found that probable cause existed to hold Plaintiff over for trial on the burglary charge.  Consequently, neither the City of Fresno nor its officers breached any duty it owed Plaintiff, if one was owed.  The negligence claim against the City of Fresno and its officers is DISMISSED WITH PREJUDICE.

### 3.  *Attempt At Amendment*

Plaintiff's claims are largely barred by the doctrine of collateral estoppel.  His remaining claims are not cognizable as a

30

matter of law.  Plaintiff was given several opportunities to amend his complaint, but failed to provide sufficient factual allegations.  Defendants' motion is GRANTED WITH PREJUDICE.

## VI.   <u>CONCLUSION</u>

For the foregoing reasons:

1.   Plaintiff's *Monell* claim against the County is DISMISSED WITH PREJUDICE.  The County's request for an order dismissing it from this action is GRANTED.

2.   Plaintiff's § 1983 claim against the City of Fresno, Robert Gonzales, Jesus Cerda, Brent Willey, and Brian Valles is barred under the doctrine of collateral estoppel.  The claim is DISMISSED WITH PREJUDICE.

3.   Plaintiff's *Monell* claim against the City of Fresno is DISMISSED WITH PREJUDICE.

4.   Plaintiff fails to sufficiently allege an equal protection claim against Defendants.  Plaintiff's equal protection claim is DISMISSED WITH PREJUDICE.

5.   The determination of probable cause at the March 13, 2007 hearing operates as a complete defense to Plaintiff's false arrest/imprisonment and malicious prosecution claims.  These causes of action are DISMISSED WITH PREJUDICE.

6.   Plaintiff's fourth cause of action for IIED is DISMISSED WITH PREJUDICE.

7.   Plaintiff's fifth cause of action for a violation of California Civil Code §§ 52.1 is DISMISSED WITH PREJUDICE.

8.   Plaintiff's sixth cause of action for vicarious liability is DISMISSED WITH PREJUDICE.

1    **9.   Plaintiff's seventh cause of action for a violation of**
2    **California Civil Code §§ 51.7 is DISMISSED WITH PREJUDICE.**

3    **10.   Plaintiff's eighth cause of action for negligence is**
4    **DISMISSED WITH PREJUDICE.**

5    **Defendants shall submit a form of order consistent with, and**
6    **within five (5) days following electronic service of, this**
7    **memorandum decision.**

8

9    IT IS SO ORDERED.

10   **Dated:    March 8, 2010**              **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28